UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
SEP 1 2 2022
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Deborah Walton                        ) Case No.
                                      )
                                      )
         Plaintiff                    )   1:22-cv-1789 JRS-MPB
                                      )
                                      )
              v.                      )
                                      )
BMO Harris Bank                       )
                                      )
                                      )
         Defendant,                   )
                                      )

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. The Plaintiff Deborah Walton, pro se, is bring this action against BMO Harris Bank N. A. (BMO), for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq., and 15 U.S.C. §1681s-2(b).

### JURISDICTION

2. The United States District Court, Southern District of Indiana has jurisdiction of this action pursuant to 28 U.S.C. §1331 because the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., is a federal consumer protection law.

### PARTIES

3. Deborah Walton ("Plaintiff") is a natural person residing in Hamilton County, Indiana, and is a "person" and consumer" as defined by the FCRA at 15 U.S.C. §1681a(b) and (c).

4. BMO Harris Bank N.A. ("BMO") is a national bank that regularly furnishes credit information to Equifax.

## INTRODUCTION

The Plaintiff obtained a HELOC loan in the amount of $68,400.00, with First Indiana Bank under account number 3543581536, and on April 28th 2006, she also obtained another HELOC loan in the amount of $75,000.00 with First National Bank and Trust under account number 1036820, on June 22, 2005.

The Defendant BMO Harris Bank, acquired both First Indiana Bank and First National Bank and Trust, at which time they also acquired the Plaintiff's HELOC Loans.

The Plaintiff's HELOC Loan in the amount of $75,000.00 was satisfied in full, however; the HELOC loan in the amount of $68,400.00 has an open balance and was still being paid on.

The Plaintiff sued BMO and Equifax for violating the Fair Credit Reporting Act (FCRA) in the S.D. of Indiana, on Dec 7, 2016., under cause number 1:16-cv-3302-WTL-DML; which only challenged the incorrect amount being reported, on one of the two HELOC loans. However, after the District Court, reached a Summary Judgment ruling in favor of the Defendant's, the case was appealed to the 7th Circuit Court of Appeals, and on February 11, 2019, it was ultimately disposed of for lack of damages being proven by the Plaintiff.

The Plaintiff sued BMO, under the Fair Credit Billing Act. (FCBA), and Equifax, Experian and Trans Union, under the Fair Credit Reporting Act (FCRA), on February 17, 2021, in the S.D. of Indiana, under cause number 1:21-cv-365-JPH-TAB.  The Defendants' Experian and Trans Union, settled their claims, however; BMO Harris Banks motion to dismiss was granted on February 1, 2022.

The Plaintiff was informed by Equifax, that BMO Harris Bank had been furnishing three HELOC Loans to them, and they had been reporting the three HELOC Loan on the Plaintiff's credit report since August 5, 2021.  The Plaintiff has filed several disputes with BMO and Equifax, yet the three HELOC Loans are still reporting to date.

The Plaintiff was denied Credit on February 21, 2022, based on information BMO was reporting to Equifax, and she also received a copy of her credit report from Equifax on February 27, 2022, which was generated by Equifax on February 18, 2022, three days prior to her being denied credit.

## FACTURAL ALLEGATIONS

5. The Plaintiff only had two HELOC Loans that were acquired by BMO Harris Bank, which are attached herein as **Exhibit** "A"; with **Exhibit** "B" (Walton Aff. ¶ 1).

6. The Plaintiff received the HELOC agreements from BMO Harris Bank, from a subpoena they received from First Merchants Bank with a Certificate of Authenticity of Business Records signed by Karyn Pahule, putting First Merchant Bank on notice, that they only acquired two HELOC loans, for the Plaintiff. **Ex.** C. & **Ex.** B (Walton Aff. ¶ 2).

7. The first time the Plaintiff was made aware that BMO Harris Bank had been furnishing three HELOC Loans to Equifax was on August 5, 2021, at 11:45 a.m., at which time the Plaintiff put in a dispute to Equifax, and BMO a dispute letter **Ex.** D; **Ex.** B (Walton Aff. ¶ 3).

8. The Plaintiff disputed the additional HELOC loan with Equifax on six different occasions, and each time she was told that BMO Harris Bank confirmed all three HELOC loans. **Ex.** B (Walton Aff. ¶ 4). BMO was *NOT* reporting three HELOC loans prior to January 28, 2020, **Ex.** E (Cred Report Jan 28, 2020)

9. On May 31, 2022, the Plaintiff filed a complaint with the Consumer Finance Protection Bureau (cfpb) against BMO Harris Bank and Equifax. **Ex.** F. (Complaint to cfpb) & Ex. B (Walton Aff. ¶ 5).

10. On June 6, 2022, BMO Harris Bank responded to the Consumer Finance Protection Bureau, and informed them that they were currently in litigation with the Plaintiff and was unable to investigate the Plaintiff's complaint. **Ex.** G. (BMO Response to cfpb), and **Ex.** B (Walton Aff. ¶ 6).

11. In June of 2022, Equifax responded to the Consumer Finance Protection Bureau, and informed them, that they investigated the third HELOC loan with BMO Harris Bank, and they were informed that the Plaintiff has three HELOC loans with them. **Ex.** B (Walton Aff. ¶ 7).

12. The Plaintiff received a letter from BMO Harris Bank on June 1, 2022, responding to her dispute letters. However; as to date, BMO Harris Bank has failed to get back with the Plaintiff, concerning the results of any investigation. *See* **Ex.** H ( BMO Letter); **Ex.** J (Equifax Cred Report, February 18, 2022) ; **Ex.** B (Walton Aff. ¶¶ 8 - 10).

## COUNT I

## BMO HARRIS BANK VIOLATED THE FAIR CREDIT REPORTING ACT

13. The Plaintiff re-alleges the paragraphs 5 -12 above by reference.

14. The Defendants, BMO Harris Bank has been reporting **_THREE_** HELOC loans with Equifax from at least August 5, 2021 to date.

15. BMO Harris Bank willfully and negligently failed to comply with its responsibilities under the FCRA 15 U.S.C. §1681s-2(b) by continuously failing to conduct a timely investigation with respect to the third disputed HELOC loan information contained in the Plaintiffs' credit report as a charge off, after receiving several notices of the disputes from Equifax, and letters from the Plaintiff disputing the inaccurate HELOC loan; shown on the Plaintiff's credit report as a third HELOC loan by BMO Harris Bank, when they had actual knowledge that the Plaintiff only had two HELOC loans with the Defendant.

## REQUESTED DAMAGES

16. As a result of BMO Harris Banks willful, and negligent failure to comply with the Fair Credit Reporting Act (FCRA), the Plaintiff is entitled to compensation for her damages as alleged above:

17. Punitive Damages (Upon a determination of a willful violation);

18. Statutory Damages;

19. Actual Damages;

20. Attorney Fees and cost under FCRA 15 U.S.C. §1681(n)(o)

## DEMAND FOR JURY TRIAL

Respectfully submitted,

_____
Deborah Walton, pro se